UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH VANG,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>RON RACKLEY,<br><br>　　　　Respondent. | No. 2:14-cv-2534 MCE AC P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenges a 2012 prison disciplinary proceeding for distribution of a controlled substance. ECF No. 1.

Respondent moves for dismissal on the grounds that the instant petition was filed beyond the AEDPA one-year statutory limitation period and, in the alternative, that petitioner's claims are not cognizable in federal habeas corpus. ECF No. 11. Petitioner opposed the motion, ECF No. 12, and respondent filed a reply, ECF No. 13. For the reasons discussed below, the undersigned recommends that the petition be dismissed as untimely.

I.    Factual and Procedural Background

The relevant chronology of this case is as follows:

In April 2003, petitioner was convicted of second degree murder. He was sentenced to a

1  term of fifteen years to life in prison. ECF No. 11-1 at 3.[1]

2  In September 2011, staff at Folsom State Prison where petitioner is incarcerated found marijuana inside a light fixture in the cell jointly assigned to petitioner and inmate Somphong Chanthanam. ECF No. 1 at 12. On July 1, 2012, petitioner was found guilty of violating a prison regulation for distribution of a controlled substance. Id. at 13, 16. He was assessed a 151-day forfeiture of credits. Id. at 17.

Petitioner challenged the prison disciplinary through the prison's administrative appeal process in appeal log FSP-O-12-00764. Id. at 23. On November 5, 2012, the administrative appeal was denied at the Director's Level, exhausting the administrative appeal process. Id. at 25.

On June 18, 2013,[2] petitioner filed a petition for writ of habeas corpus in the Sacramento County Superior Court challenging the disciplinary conviction on the grounds that there was insufficient evidence to support the finding of guilt. ECF No. 11-1 at 2; ECF No. 1 at 57-62. Petitioner also argued that his due process rights were violated at the disciplinary hearing and challenged the disparity in the outcome of the disciplinary proceedings between himself and his cellmate. ECF No. 1 at 57-62. The Sacramento County Superior Court denied the petition in a reasoned decision on August 9, 2013.[3] Id.

On October 18, 2013, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District. ECF No. 11-3 at 5. The petition was denied without comment on October 24, 2013. Id. at 82; ECF No. 1 at 63.

On December 5, 2013, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. ECF No. 11-4 at 5. The California Supreme Court denied the petition without

---

[1] Respondent did not provide a copy of the abstract of judgment. However, petitioner indicated in his state habeas petition that he was sentenced to a term of fifteen years to life. ECF No. 11-1 at 3.

[2] As a pro se inmate, petitioner is entitled to the use of the prison mailbox rule in determining the constructive filing date of his state and federal habeas petitions. Houston v. Lack, 487 U.S. 166, 276 (1988). Here, the court notes that the proof of service attached to the petition includes two dates: June 16, 2013 and June 18, 2013. See ECF No. 11-1 at 18. As will become clear, the difference between the two dates does not affect the court's analysis. Accordingly, the court refers to June 18, 2013 as the date the petition was constructively filed.

[3] Petitioner and his cellmate, Chanthanam, filed a joint habeas petition in the Sacramento County Superior Court. The court denied relief as to both parties. See ECF No. 1 at 57-62.

1 comment on March 12, 2014.  ECF No. 1 at 65.

2     On October 22, 2014, the instant action was constructively filed.  ECF No. 1.

3     II.    <u>Statute of Limitations</u>

4     The applicable statute of limitations is set forth in 28 U.S.C. § 2244(d)(1):

> A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The provisions of § 2244(d)(1)(D), rather than § 2244(d)(1)(A), apply to habeas corpus actions challenging decisions of administrative bodies, including challenges to prison disciplinary proceedings.  <u>Shelby v. Bartlett</u>, 391 F.3d 1061, 1066 (9th Cir. 2004); <u>Redd v. McGrath</u>, 343 F.3d 1077, 1084 (9th Cir. 2003).  In such cases, the limitation period begins when the petitioner receives notice of denial of the final administrative appeal from the administrative decision at issue.  <u>Id.</u>; <u>see also</u> <u>Mardesich v. Cate</u>, 668 F.3d 1164, 1172 (9th Cir. 2012) (generally, state agency's denial of an administrative appeal constitutes the "factual predicate" for habeas claims challenging state administrative actions affecting "fact or duration of . . . confinement").

The statutory limitations period is tolled during the pendency of properly filed state petitions for collateral review, <u>see</u> 28 U.S .C. § 2244(d)(2), and for reasonable intervals between the filing of petitions at succeeding levels of state review while a petitioner is exhausting state remedies.  See <u>Carey v. Saffold</u>, 536 U.S. 214 (2002); <u>Evans v. Chavis</u>, 546 U.S. 189, 193–194 (2006).

1    In this case, petitioner's administrative appeal was denied at the third and final level of
2 review on November 5, 2012.  The statute of limitations began to run the following day, on
3 November 6, 2012.  See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001).  224 days
4 later, on June 18, 2013, petitioner filed a habeas petition in the Sacramento County Superior
5 Court, thereby tolling the statute of limitations.  The parties agree that the limitations period
6 remained tolled until March 12, 2014, when the California Supreme Court denied relief.[4]  The
7 statute of limitations began to run again the following day, on March 13, 2014.  At this point, 141
8 days remained in the limitations period.  Accordingly, absent further tolling, the statute of
9 limitations period expired on August 1, 2014.

10    Petitioner did not file the instant federal petition until October 22, 2014, over two and a
11 half months after the limitations period had expired.  Petitioner does not contend that he is
12 entitled to additional tolling,[5] and the record suggests no basis for petitioner to make such a claim.
13 Accordingly, the undersigned finds that the October 22, 2014 petition was untimely.
14 Respondent's motion to dismiss the petition as barred by the one-year statute of limitations
15 should therefore be granted.[6]

16    III.    Conclusion

17    In accordance with the above, IT IS HEREBY RECOMMENDED that:

18    1.  Respondent's motion to dismiss (ECF No. 11) be granted on the ground that the
19        petition is time-barred; and
20    2.  This action be dismissed with prejudice.

21    These findings and recommendations are submitted to the United States District Judge

---

[4] Petitioner argues in his opposition that he is entitled to tolling during the intervals between the dismissal of one petition and the filing of the next while he was exhausting state court remedies. ECF No. 12 at 2.  Respondent clarified in his reply that he agrees petitioner is entitled to tolling during the time he was pursuing habeas relief in state court.  ECF No. 13 at 2.

[5] Petitioner appears to argue that respondent's actual argument was not the petition should be dismissed as time-barred but that petitioner did not complete the exhaustion process before filing the instant petition in federal court.  See ECF No. 12 at 3.  As respondent did not make this argument, see ECF Nos. 11, 13, the court does not address it here.

[6] Because the undersigned finds the petition time-barred, the court does not reach respondent's argument that the petition should be dismissed because the disciplinary conviction did not affect the fact or duration of petitioner's confinement.

4

1  assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one
2  days after being served with these findings and recommendations, any party may file written
3  objections with the court and serve a copy on all parties.  Such a document should be captioned
4  "Objections to Magistrate Judge's Findings and Recommendations."
5       In his objections, petitioner may address whether a certificate of appealability should issue
6  in the event he files an appeal of the judgment in this case.  See 28 U.S.C. 2253(c) (absent a
7  certificate of appealability, an appeal may not be taken from the final decision of a district judge
8  in a habeas corpus proceeding or a proceeding under 28 U.S.C. § 2255).
9       Any response to the objections shall be served and filed within seven days after service of
10 the objections.  Failure to file objections within the specified time may waive the right to appeal
11 the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
12 DATED: January 27, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE